```
                    UNITED STATES DISTRICT COURT           RECEIVED
                    DISTRICT OF SOUTH CAROLINA         USDC CLERK, CHARLESTON, SC

                                                           2006 JAN 20  A 9: 06
```

|  |  |  |
|---|---|---|
| Pamela Pelzer, | ) | C/A No. 2:05-3505-SB-GCK |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) | Report and Recommendation |
| Social Security Disability ; | ) |  |
| Worker Compensation Disability; | ) |  |
|  | ) |  |
| Defendants. | ) |  |

This is a civil action filed by a private citizen proceeding *pro se*. In her complaint, the plaintiff states in part:

> My life could possibly play a lead role around the Social Security disability office....[I] applyed (sic) August 2002. I've not recieved (sic) a postive (sic) responds (sic) in reference to releasing immediate funds (as I requested).



See Complaint @ 3.

In her prayer for relief the plaintiff seeks, inter alia:

> Immediate benefits assistance now and forever a (sic) unlimited sett (sic) up possibly backpay from July 7, 1969.

Id. @ 5.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 60 U.S.L.W. 4346, 118 L.Ed.2d 340, 112 S.Ct. 1728, (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction,

64 F.3d 951, (1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979). This court is required to construe *pro se* complaints liberally. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9 (1980); and Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint the plaintiff's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, the complaint submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, (4th Cir. 1990).



The complaint submitted by the plaintiff contains no indication that the plaintiff has pursued all of her administrative remedies. It is well-settled that because of administrative *res judicata*, a district court may not review earlier administrative decisions where the plaintiff has failed to pursue available administrative remedies. *See, e.g.*, Cleaton v. Secretary of Health and Human Services, 815 F.2d 295, 297-301 (4th Cir. 1987); and McGowen v. Harris, 666 F.2d 60, 65-69 (4th Cir. 1981).

The Social Security Act provides for judicial review of adverse decisions rendered by the Social Security Administration, which was formerly a part of the Department of Health and Human Services. 42 U.S.C. § 405(g). More than two decades ago, the Supreme Court of the United States enumerated three (3) requirements for judicial review:

> Section 405(g) specifies the following requirements for judicial

> review: (1) a final decision of the Secretary made after a hearing; (2) commencement of a civil action within 60 days after the mailing of notice of such decision (or within such further time as the Secretary may allow); and (3) filing of the action in an appropriate district court, in general that of the plaintiff's residence or principal place of business. The second and third of these requirements specify, respectively, a statute of limitations and appropriate venue.

Weinberger v. Salfi, 422 U.S. 749, 763-764 (1975).

The Supreme Court noted that the second and third requirements were waivable by parties. Id. The first requirement, *i.e.*, "a final decision of the Secretary made after a hearing[,]" was not listed or categorized as being waivable, unlike the statute of limitations and venue. 422 U.S. at 764 (emphasis added). Significantly, the Court held that the first requirement was mandatory:

> We interpret the first requirement, however, to be central to the requisite grant of subject matter jurisdiction—the statute empowers district courts to review a particular type of decision by the Secretary, that type being those which are "final" and "made after a hearing."

422 U.S. at 764.



The usual procedure for a claimant challenging termination or denial of Social Security benefits or a claimant seeking reinstatement of benefits is the filing of an application (usually a Form SSA-16) with the local Social Security Office. If the initial determination is not favorable to a claimant, he or she may file a Request for Reconsideration (a Form SSA-561-U2). If the determination on reconsideration is unfavorable, he or she can file a "REQUEST FOR HEARING BY ADMINISTRATIVE LAW JUDGE" (a Form HA-501-U5).

If a hearing is held before an Administrative Law Judge (ALJ), the ALJ will issue a written decision. If the ALJ's decision is not favorable to the claimant, the claimant can seek review by the Appeals Council. This is usually done by the filing of a Form HA-520-U5 ("REQUEST FOR REVIEW OF HEARING DECISION/ORDER"). Once the Appeals Council has issued its decision,

a claimant has sixty (60) days to file a complaint in the United States District Court for the judicial district in which the claimant resides.

Since there is no indication that the plaintiff has availed herself of the aforementioned administrative remedies, this court lacks subject matter jurisdiction because no "final decision made after a hearing" was rendered. Under Weinberger v. Salfi, the court should dismiss this action.

The plaintiff's statement that she has not 'recieved (sic) a positive response" leads the undersigned to conclude that the plaintiff is still awaiting a response or that she has received a denial of her benefits. In either case, until the plaintiff can demonstrate that she has received a final decision of the Social Security Administration after a hearing, this matter must be dismissed.

As for plaintiff's workers compensation claim, it is well settled that a claimant or employer seeking review of the South Carolina Workers' Compensation Commission must appeal to the applicable South Carolina Circuit Court. In turn, if the appeal to the Circuit Court is not successful, the claimant or employer must appeal to the South Carolina Court of Appeals, and, if not successful there, must appeal to the Supreme Court of South Carolina. *See, e.g.*, Sharpe v. Case Produce Co., 336 S.C. 154, 519 S.E.2d 102, 1999 S.C. LEXIS® 149 (1999), *reversing* 329 S.C. 534, 495 S.E.2d 790 (S.C.Ct.App. 1997); and Rogers v. Kunja Knitting Mills, 336 S.C. 533, 520 S.E.2d 815 (S.C.Ct.App. 1999).

The proceedings before the South Carolina Workers' Compensation Commission in the plaintiff's case cannot be reviewed or set aside by the United States District Court for the District of South Carolina in the above-captioned case. *See* District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476-482 (1983), where the Supreme Court of the United States held that a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C.

§ 1257.¹ *See also* Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). This prohibition on review of state court orders by federal district courts is commonly referred to as the Rooker-Feldman doctrine or the Feldman-Rooker doctrine. *See, e.g.,* Ivy Club v. Edwards, 943 F.2d 270, 284 (3rd Cir. 1991), *cert. denied,* Del Tufo v. Ivy Club, 503 U.S. 914 (1992). The Rooker-Feldman doctrine applies even when a challenge to a state court decision concerns a federal constitutional issue. *See* Arthur v. Supreme Court of Iowa, 709 F. Supp. 157, 160 (S.D.Iowa 1989). The Rooker-Feldman doctrine also applies even if the state court litigation has not reached a State's highest court. Worldwide Church of God v. McNair, 805 F.2d 888, 893 & nn. 3-4 (9th Cir. 1986). *See also* 28 U.S.C. § 1738 (federal court must accord full faith and credit to state court judgment); and Robart Wood & Wire Products v. Namaco Industries, Inc., 797 F.2d 176, 178 (4th Cir. 1986), *cert. denied,* Namaco Industries, Inc. v. Robart Wood & Wire Products, 479 U.S. 1032 (1987).

The submission of the pleading does not alter the fact that the plaintiff is attempting to have this court review proceedings formerly before the South Carolina Workers' Compensation Commission. *See* Gyadu v. Frankl, 62 F.Supp.2d 590, 1999 U.S.Dist. LEXIS® 12681 (D.Conn.

---



¹Appeals of orders issued by lower state courts must go to a higher state court. Secondly, the Congress, for more than two hundred years, has provided that only *the Supreme Court of the United States* may review a decision of a state court in a direct appeal. 28 U.S.C. § 1257. In civil, criminal, and other cases, the Supreme Court of the United States has reviewed decisions of the Supreme Court of South Carolina that were properly brought before it under 28 U.S.C. § 1257 or that statute's predecessors. *See* Lucas v. South Carolina Coastal Council, 505 U.S. 1003, 60 U.S.L.W. 4842, 120 L.Ed.2d 798, 112 S.Ct. 2886 (1992), *reversing* 304 S.C. 376, 404 S.E.2d 895 (1991); In Re Primus, 436 U.S. 412, 432-439 (1978), *reversing* In Re Smith, 268 S.C. 259, 233 S.E.2d 301 (1977)(*per curiam*); Edwards v. South Carolina, 372 U.S. 229 (1963), *reversing* State v. Edwards, 239 S.C. 339, 123 S.E.2d 247 (1961); and Murray v. Charleston, 96 U.S. 432, 443-449 (1878), *reversing* Jenkins v. Charleston, 5 S.C. 393 (1874). *Cf.* Bonner v. Circuit Court of St. Louis, 526 F.2d 1331, 1336 (8th Cir. 1975)(*en banc*), *cert. denied,* 424 U.S. 946 (1976). In Bonner v. Circuit Court of St. Louis, the United States Court of Appeals for the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review."

1999)(Rooker-Feldman doctrine bars federal suit challenging decision of a State's workers' compensation commission).

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. See Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)]; The plaintiff's attention is directed to the important notice on the next page.

George C. Kosko
United States Magistrate Judge

(Date) Jan 19, 2006
Charleston, South Carolina

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402